SAMUEL DALTON, Appellee, v. L. E. WEBB et al., Appellants.

Homestead: SALE: INVESTMENT OF PROCEEDS IN ANOTHER STATE: EXEMPTION. Where the proceeds from a sale of a homestead in this state is invested in the purchase of a homestead in another state they no longer possess the homestead character, so far as the laws of this state are concerned, and in the event of a resale of such homestead in the foreign state, and the reinvestment of the proceeds in a homestead in this state the latter will be liable for debts antedating the last investment.

*Appeal from Fremont District Court.*—HON. N. W. MACY, Judge.

FRIDAY, OCTOBER 16, 1891.

ACTION to enjoin the defendants from the sale, on execution, of certain premises, on the ground that they constituted the homestead of the plaintiff. There was a decree for the plaintiff, from which the defendants appeal.—*Reversed.*

*Geo. E. Draper*, for appellants.

*H. C. Watkins*, for appellee.

GRANGER, J.—Prior to May, 1885, the plaintiff was owing the defendant Webb, which claim has since May, 1885, been placed in judgment, aggregating some five hundred and seventy-six dollars and fifteen cents. Prior to May, 1885, the plaintiff was the owner of four hundred and fifty-four acres of land in and about the town of Tabor, Iowa. In May, 1885, the plaintiff sold the entire tract to C. F. Lawrence for fifteen thousand dollars, which amount was exhausted by the payment of incumbrances on the land, and an indebtedness of the plaintiff to Lawrence. A very much disputed

question in the case, and one of grave doubt under the evidence, is whether or not it was then agreed, as a part of the consideration for the land, that the plaintiff should continue to occupy his home on the land during his life, he then being a man some sixty-nine or seventy years of age. It is a fact that he continued to reside on the land, or a part of it, for two years after the sale, when a son of C. F. Lawrence, to whom part of the land had been deeded, paid to the plaintiff twenty-five hundred dollars to vacate the premises. Of this twenty-five hundred dollars one thousand dollars were paid on an indebtedness of the plaintiffs to one Wadham, and of the remainder about seven hundred dollars were invested in what the plaintiff now claims as his homestead,—one-half being paid on the purchase price, and the other half on improvements. The remaining eight hundred dollars were by the plaintiff invested in an attempt to provide him a homestead in Nebraska, under the general homestead law, the money being used in buildings and other improvements on the land. Afterwards the homestead claim in Nebraska was sold for thirteen hundred and fifty dollars, and this amount was paid towards the present homestead of the plaintiff. The present homestead was purchased of one Goodell, the purchase price being twenty-one hundred and fifty dollars, the plaintiff assuming a mortgage thereon of eight hundred dollars. The plaintiff's statement in evidence is: "For the property I now claim as a homestead I paid Mr. Goodell about twenty-one hundred and fifty dollars. I took it subject to a mortgage of eight hundred dollars, paid three hundred and fifty dollars of the homestead money on it, and the balance was paid from money coming from Nebraska land."

For the purposes of the case we will assume that the fifteen hundred dollars the plaintiff received from Lawrence in 1887 to vacate the premises are the

proceeds of a homestead interest, without saying that such would be our finding upon a consideration of the evidence. The defendant Webb has, by an execution issued on his judgment, levied on the present homestead, and this action is to determine the liability of the homestead therefor. The district court decreed the homestead exempt. In doing so, we think it erred. No more than three hundred and fifty dollars of the purchase price of a homestead representing a value of about twenty-five hundred dollars can be said to be the proceeds of the former homestead, unless we hold that the thirteen hundred and fifty dollars for the Nebraska land were, when invested in this homestead, the proceeds of the former homestead, and to be protected as such. To so hold is to overrule the case of *Rogers v. Raisor,* 60 Iowa, 355. That case, in its purpose, is an exact parallel to this, and the principle there announced is conclusive of the question we are considering. In that case the proceeds of an Iowa homestead were taken to Missouri and invested in a homestead there. Afterwards the Missouri homestead was sold, and another homestead purchased in Iowa. It was sought to be subjected to the payment of a debt from which the former Iowa homestead was exempt. In deciding the case the following language is used: "What, then, was the character impressed on the proceeds of the Iowa homestead when taken to Missouri for reinvestment? The laws of Iowa ceased to operate upon it, and to affect its character, as soon as it was invested in real estate in the state of Missouri. It was not the proceeds of the sale of a homestead under the laws of Missouri, for those laws can apply only to a homestead held under the laws of that state. It follows that the fund arising from the sale of the Iowa homestead, upon being carried into Missouri, lost the distinctive character of being the proceeds of a sale of a homestead." The case holds that the new homestead in Iowa is not

exempt. The three hundred and fifty dollars of the proceeds of the former homestead invested in the purchase price of this could not change the rule. The homestead laws receive and are entitled to liberal interpretation, but it should only be done within the spirit of the legislative purpose. At best but eight hundred dollars of the thirteen hundred and fifty dollars from the Nebraska land were ever the proceeds of a homestead, and under the rule announced that part lost its character as homestead property, and is no longer entitled to exemption. Some importance is attached to the fact that the wife of the plaintiff did not go to Nebraska with her husband, nor consent to the use of the money there. It is true that she did not desire to go, and that the plaintiff, because of her health, did not think she should, but the record does not show that she ever had or made any objection to the investment of the money there; nor does it appear that before the investment in Nebraska there was any purpose to invest it in the Iowa homestead.

We think there should be a decree dismissing plaintiff's petition, and the cause is remanded for that purpose. REVERSED.