Carey v. Schmeltz.

Appeal from St. Louis County Circuit Court.—*Hon. Jno. W. McElhinney*, Judge.

AFFIRMED.

---

J. W. CAREY et al., Appellants, v. J. F. SCHMELTZ et al.

Division One, May 31, 1909.

1. **APPELLATE JURISDICTION: Construing Statute of Another State: Federal Question.** The mere construction of a statute of another State, though it be erroneous, does not deny its validity; and if the most appellant contends for is that the trial court misconstrued the statute of a sister State, upon which he based his cause of action, no Federal question is involved, and the Supreme Court does not, on that account, have jurisdiction of the appeal.

2. ———: ———: ———: **Full Faith and Credit, Etc.: Penal Statute.** By the statute of Colorado all mining corporations were required to file a report within sixty days after the first day of January of their operations the preceding year, and failing to file such report all the officers and directors became individually liable for all the debts of the corporation; and defendants, being officers and directors of a mining corporation in Colorado, did not file such a report and the company being indebted to plaintiff in the sum of $521.88 he filed suit in this State against them, basing the suit on the said statute. The trial court held the statute to be a penal one, and sustained a demurrer to the petition, and plaintiff appeals, contending the court did not give full faith and credit to the Colorado statute, as required by the U. S. Constitution (Sec. 1, art. 4), which says that "full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State," etc. *Held*, that the jurisdiction of the court is not dependent upon a correct construction of the statute, and no Federal question is involved, and the appeal is not to the Supreme Court.

3. ———: ———: ———: ———: **Penal Statute Not Enforcible:** **Comity.** The courts of no State enforce the penal laws of another. Comity is never carried to the extent of enforcing a foreign law that is contrary to the policy of the State in which its enforcement is asked, nor does it extend to the enforcement of a penal statute of another State; and when a court is called upon to enforce the statute of another State, full faith and credit do not compel it to enforce it in this State, but it has the right to construe it to be a penal statute, and if found to be such to refuse to enforce it.

4. ———: ———: ———: ———: ———: **Public Acts.** Besides, it is questionable whether the words "public acts," used in the clause of the U. S. Constitution requiring each State to give full faith and credit to the public acts of another State, include the statutes of such other State.

5. ———: ———: ———: ———: ———: **Judgments.** There is a wide difference between a suit to enforce a liability founded on the statute law of another State and a suit founded on a duly certified judgment rendered by a court of competent jurisdiction in such other State, even though the judgment was based on the same statute.

6. ———: ———: ———: ———: ———: **Lex Loci Contractus.** Likewise there is a wide difference between a suit to enforce a liability founded on a penal statute of another State and a suit brought in a court in this State on a contract made in another State and designed to be performed there. In the lat-

ter case the courts interpret the contract according to the law of that State, although it may differ from the law of this State; but this they do in respect to "the settled rules of public and international law" which require courts to interpret the contract according to the *lex loci contractus*, and not in obedience to the full-faith-and-credit clause of the U. S. Constitution.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune*, Judge.

Transferred to Kansas City Court of Appeals.

*Lathrop, Morrow, Fox & Moore* for appellants.

*O. A. Lucas* and *Ringolsky & White* for respondents.

VALLIANT, J.—Plaintiffs sue in three counts to recover three separate money demands aggregating $521.88. The alleged cause of action accrued in Colorado and is based on a statute of that State. A general demurrer to the petition was sustained, and there being no further pleading final judgment for defendants was rendered, from which the plaintiffs appealed. The appeal was taken to this court on the idea that a Federal question was involved, to-wit, that in sustaining the demurrer the court did not give full faith and credit to the statute of Colorado as required by section 1, article 4, of the Constitution of the United States. That section is in these words: "Full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State. And Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof."

Defendants were residents of Missouri, but went to Colorado, and there organized a mining corporation and embarked in the mining business in that State. By the statute law of Colorado all mining corporations were required to file a certain report within sixty days

after the first day of January of their operations the preceding year, and failing to file such report the officers and directors became individually liable for all debts contracted by the corporation. The defendants were the officers and directors of this corporation and they did not file the report as required by the statute. The corporation became indebted to the plaintiffs during the year to the amount of $415.01 for goods sold and delivered by them to it, and it became indebted to another concern in like manner for $64.20, and to still another to the amount of $42.67, which last two claims were duly assigned to plaintiffs, and all three were due and unpaid; therefore they brought this suit in Jackson county, Missouri. Those are substantially the facts stated in the petition.

Judging from the points discussed in the briefs it seems that the determination of the demurrer turned on the construction of the Colorado statute, it being contended on the part of defendants that it was a penal statute and therefore not enforceable in this State, but the plaintiff contended that it created a debt and afforded a remedy. The circuit court took the defendants' view of the law and for that reason sustained the demurrer.

There is no Federal question involved in this case. The most that the plaintiffs contend for is that the court misconstrued the Colorado statute; but the mere construction of the statute of another State, though it should be an erroneous construction, does not deny its validity. [Allen v. Alleghany Co., 196 U. S. 458.] If a suit is based on a statute of a sister State the court must construe the statute, and jurisdiction to construe it is not dependent on its correct construction. Whilst under the general international law, and especially under the more intimate international law between the sister States of this Union, the laws of one State are given force and effect in another when the cause of action has arisen under the laws of the foreign or

sister State, yet this is so by comity, not by extraterritorial force of the foreign law; but comity is never carried to the extent of enforcing a foreign law that is contrary to the policy of the State in which its enforcement is asked and such comity never extends to the enforcement of a penal statute of another State. As early as 1825 the Supreme Court of the United States, per Chief Justice MARSHALL, said: ''The courts of no country execute the penal laws of another.'' [The Antelope, 10 Wheat. 66.]

It has never been held under this full faith and credit clause of the U. S. Constitution that a State is compelled to enforce in its courts the statute of another when such statute is penal in its character or contrary to the policy of the State. Considering the large number of States of this Union and their separate and distinct governmental policies, great confusion would result if a right of action created by the peculiar policy of one State under its peculiar statute could be carried into another State and the State to which it is carried be compelled to enforce it through its own courts although contrary to the policy of its own laws.

Construing this section 1 of article 4, the Supreme Court of the United States has said: ''No State can legislate except with reference to its own jurisdiction.'' [Bonaparte v. Tax Court, 104 U. S. 592.] And in Huntington v. Attrill, 146 U. S. 657, l. c. 669, the court said: ''Laws have no force of themselves beyond the jurisidiction of the State which enacts them and can have extra-territorial effect only by comity of other States.''

If the plaintiffs had brought suit on their claims in Colorado and obtained a personal judgment there and had afterwards brought suit here on that judgment we would have a different case from the one now before us. In Bank v. Dalton, 9 How. (50 U. S.) 522, l. c. 528, the court said:

"The Constitution declares that 'full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every State. And the Congress may, by general laws, prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof.' No other part of the Constitution bears on the subject.

"The Act of 26th May, 1790, provides the mode of authentication, and then declares that 'the said records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from whence the said records are or shall be taken.'

"The legislation of Congress amounts to this—that the judgment of another State shall be record evidence of the demand, and that the defendant, when sued on the judgment, cannot go behind it and controvert the contract, or other cause of action, on which the judgment is founded; that it is evidence of an established demand which, standing alone, is conclusive between the parties to it. This is the whole extent to which Congress has gone."

In Huntington v. Attrill, above cited, and which is relied on by appellants, the court was dealing with a judgment rendered in New York on a statute of that State which judgment duly certified under the act of Congress was made the basis of that suit. Therefore much that is said in the opinion in that case is of little assistance to us in the case before us. But in the course of the opinion, referring to the clause of the Federal Constitution we are now considering and the acts of Congress giving it force, on page 685 the court said: "And they confer no new jurisdiction on the courts of any State; and therefore do not authorize them to take jurisdiction of a suit or prosecution of such a penal nature that it cannot, on settled rules of public and international law, be entertained by the ju-

diciary of any other State than that in which the penalty was incurred.''

That is to say, neither the Constitution nor the acts of Congress conferred or imposed on the State courts jurisdiction or obligation to enforce the statute of another State, and when the statutes of another State were enforced it was as the settled rules of public and international law already imposed.

When a suit is brought in a court in this State on a contract made in another State and designed to be performed there we interpret the contract according to the law of that State, although it may differ from our law. But this we do in respect ''to the settled rules of public and international law'' which requires us to interpret the contract according to the *lex loci contractus;* it is not done in obedience to the full-faith-and-credit clause of the Constitution.

There is a very great difference, in the light of this clause of the Constitution, between a suit to enforce a liability founded on the statute law of another State and a suit founded on a duly certified judgment rendered by a court of competent jurisdiction in another State. Yet it has been held that the State of Massachusetts was not bound to recognize the validity of a decree of divorce rendered in another State contrary to the policy of the Massachusetts law. [Andrews v. Andrews, 188 U. S. 14.]

In a later case language is used that seems to question whether the words ''public acts'' in that clause of the Constitution include statutes. And indeed it would seem to be a serious question, because the Constitution is the highest law on that subject, and if it includes statutes what right has any court to except from its operation statutes of a certain character, for example, penal statutes, since the Constitution itself makes no exception?

In the case last above alluded to the counsel in their brief said: ''Our contention is that article 4

must be so construed as to make the constitutional enactment of Minnesota effective throughout the United States, so far as they apply to and affect property within the State. Otherwise the policy and laws of any State may be easily evaded." But the Supreme Court of the United States answering that contention said: "We do not think that the clause of the Constitution above quoted has any bearing whatever upon the question under consideration. It only prescribes a rule by which courts, Federal and State, are to be, guided when a question arises in the progress of a pending suit as to the faith and credit to be given by the court to the public acts, records and judicial proceedings of a State other than that in which the court is sitting. Even if it be assumed that the word 'acts' includes 'statutes,' the clause has nothing to do with the conduct of individuals or corporations; and to invoke the rule which it prescribes does not make a case arising under the Constitution or laws of the United States." [Minnesota v. Northern Securities Co., 194 U. S. 48.]

Whether the Colorado statute is so contrary to the policy of this State as that our courts will not enforce it, is to be answered by a mere construction of that statute without impairing its validity, and, according to what the United States Supreme Court said in Allen v. Alleghany Co., above mentioned, and in other cases in the opinion in that case cited, is not covered by section 1 of article 4 of the United States Constitution.

The Kansas City Court of Appeals alone has jurisdiction of this appeal, and therefore the cause is transferred to that court. All concur.