W. E. Pope and B. D. Tarlton, both of Corpus Christi, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

BAKER, J. [1] The appellant was convicted, in the county court of San Patricio county, for the offense of slander, and his punishment assessed at a fine of $100. The record fails to show a proper recognizance, and the only reference made to same is the following: "Recognizance of defendant with Joe Miscovich and Alex Bonarden as sureties taken." This is insufficient to sustain an appeal, and without a proper recognizance this court is without jurisdiction. This doctrine is now so well established in this state, we think it is hardly necessary to cite authorities in support thereof. In Branch's P. C. § 611, p. 313, it is stated:

"An appeal in a case of misdemeanor will be dismissed by the Court of Criminal Appeals if the record does not contain a proper recognizance or show that the defendant has been continuously in jail since the conviction"— citing Young v. State, 8 Tex. App. 81, Sandifer v. State, 63 Tex. Cr. R. 361, 139 S. W. 1155, Brinson v. State, 68 Tex. Cr. R. 49, 150 S. W. 776, and many other authorities.

The record fails to show either. In passing, we deem it prudent to call attention to the fact that there is no judgment shown in the record also. For the reasons stated, the appeal is dismissed.

The appellant is granted 15 days from this date within which to file a proper bond.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.

#### On Motion to Reinstate Appeal.

LATTIMORE, J. [2] Appellant has filed a proper appeal bond, accompanied by a certified copy of the judgment rendered in the court below, and the appeal will therefore be reinstated and now considered upon its merits.

[3] It is alleged in the information and complaint that appellant slandered one Josephine Massi. The statement of facts presents the testimony of but one witness, who testified that appellant came to his place of business on the morning of August 11, 1924, and said:

"There is a bootlegging joint on one side of me and a whore house on the other. I asked him what about it, and he said, 'You know that old lady Massi?' I said, 'Yes,' and asked him if he wanted to file any complaint, and he said, 'No.' Then he said, 'I am not going to put up with it any more, she is even sleeping with other men.'"

[4, 5] There is nothing in the testimony to show that the "old lady Massi" referred to by the witness was Josephine Massi. No inferences will be indulged against one accused of crime. The state must make out its case by sufficient proof. Failure to prove the name of the alleged slandered female is fatal to a conviction. Humbard v. State, 21 Tex. App. 200, 17 S. W. 126.

[6] We think the charge of the court correctly submitted the law of the case. We are not in accord with appellant's contention that the use of the language to the constable under the facts of this case makes it a privileged matter.

For the error mentioned, the judgment will be reversed, and the cause remanded.

---

STRAWN MERCANTILE CO. v. FIRST NAT. BANK OF STRAWN et al. (No. 22.)

(Court of Civil Appeals of Texas. Eastland. Oct. 23, 1925. Rehearing Denied Jan. 15, 1926.)

1. **Courts** ⬦511—**When doctrine of "comity" as to foreign statutes applied stated.**

The recognition of laws of other states under doctrine of "comity" is not a matter of right, but the rule is for convenience and of necessity applied when justice so demands, but not when to do so would be contrary to statutory law, or public policy of state of forum.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Comity.]

2. **Courts** ⬦511—**Generally, rule of comity extends to rights only, and not to remedies.**

Generally, rule of comity extends to rights only, and does not apply to remedies.

3. **Exemptions** ⬦2—**Exemption laws have no extraterritorial effect.**

Exemption laws have no extraterritorial effect.

4. **Courts** ⬦511—**For rule of comity to apply, general public policy of foreign and domestic laws must be in conformity with each other.**

For rule of comity to find application, it is generally necessary that laws of state, where application of rule is sought to be made, shall have general public policy in conformity to foreign law sought to be applied.

5. **Exemptions** ⬦2—**Rule of comity extended to exemption, provided for by foreign law of moneys paid to injured workman, from garnishment.**

Under rule of comity moneys received by citizen of Texas for injury in Illinois and exempt under laws of Illinois are exempt from garnishment when deposited in Texas bank, in view of similar exemption law in Texas.

Appeal from Palo Pinto County Court; E. L. Pitts, Judge.

In an action by the Strawn Mercantile Company against W. W. Munford and wife,

judgment was rendered for plaintiff. The First National Bank of Strawn was made garnishee as to a lump-sum settlement fund awarded said W. W. Munford by the Industrial Commission of Illinois. From the judgment against it, in said garnishment proceeding, plaintiff appeals. Affirmed.

Ritchie & Ranspot, of Mineral Wells, for appellant.

P. C. Sanders, of Strawn, for appellees.

PANNILL, C. J. W. W. Munford, a citizen of Texas, while working in a mine in Illinois, was injured and was awarded a lump sum settlement by the Industrial Commission of the latter state. Munford returned to Texas and deposited a portion of said money so received in the First National Bank of Strawn, which was garnished on a judgment in favor of appellant against Munford and wife. Judgment was against the appellant; hence this appeal. The sole question raised by this appeal.is whether the exemption provided for by the Illinois statute can be applied here under the rule of "comity." It is not contended that the money would be subject to garnishment if either of above statutes are applied.

The Illinois statute (Smith-Hurd Rev. St. 1925, c. 48, § 158) introduced in evidence recites:

"No payment, claim, award or decision under this act shall be assignable or subject to any lien, attachment or garnishment, or be held liable in any way for any lien, debt, penalty or damages."

That part of the Texas statute (Rev. St. 1925, art. 8306, § 3) relating to the exemption claim provides:

"All compensation allowed under the succeeding sections herein, shall be exempt from garnishment, attachment, judgment and all other suits or claims, and no such right of action and no such compensation and no part thereof or of either shall be assignable, except as otherwise herein provided and any attempt to assign the same shall be void."

The doctrine of comity is permitted and accepted in all civilized states from mutual interest and convenience and a sense of the inconvenience which would otherwise result, and from moral necessity, to do justice in order that justice may be done in return.

[1] The recognition of the laws of other states on this ground is not a matter of right, but the rule is, for convenience and of necessity, applied when justice demands that such laws of other jurisdictions be given effect. It is not applied when to do so would be contrary to the statutory law or contravene the public policy of the state of the forum.

[2] It is generally held that the rule of comity extends to rights only and does not in general apply to remedies. Mexican Nat. Ry. Co. v. Jackson (Tex. Civ. App.) 32 S. W.

230; M., K & T. Ry. Co. v. Swartz, 53 Tex. Civ. App. 389, 115.S. W. 275; C., R. I. & P. Ry. Co. v. Sturm, 174 U. S. 710, 19 S. Ct. 797, 43 L. Ed. 1144.

[3, 4] It is likewise uniformly declared by the authorities that exemption laws have no extraterritorial effect; hence the question as to whether exemption laws of another state can be applied has been found by the courts to be a question of great difficulty and concerning which there is in the decisions a manifest contrariety of opinion. In order that the rule referred to may find application in any case, it is generally necessary that the laws of the state, where the application of the rule is sought to be made, must have a general public policy in conformity to the foreign law sought to be applied. Most of the authorities cited by appellant denying exemptions under the laws of other states are based upon the ground that no such exemption law is found in the state of the forum, and hence to apply the rule would be to give the exemption laws extraterritorial effect, such as Railway v. Sturm, 174 U. S. 710, 19 S. Ct. 797, 43 L. Ed. 1144. In other cases where the application of the rule contended for in this case is denied, the person seeking exemption was shown not to be entitled thereto under the law invoked, as Carson v. Memphis & Charleston Railway Co., 88 Tenn. 646, 13 S. W. 588, 8 L. R. A. 412, 17 Am. St. Rep. 921; M., K. & T. Ry. Co. v. Swartz, supra.

There are a number of cases, however, which deny the application of the rule where the exemption laws of both states are practically the same, and where the party seeking it would be entitled thereto under the laws of either state. Goodwin v. Claytor, 137 N. C. 224, 49 S. E. 173, 67 L. R. A. 209, 107 Am. St. Rep. 479; Rogers v. Raisor, 60 Iowa, 355, 14 N. W. 317; Dalton v. Webb, 83 Iowa, 478, 50 N. W. 58, 32 Am. St. Rep. 314; State Bank of Eagle Grove v. Dougherty, 167 Mo. 1, 66 S. W. 932, 90 Am. St. Rep. 422; Wickwire v. Zeller (Ky.) 68 S. W. 630; Steele v. Reid, 284 Mo. 269, 223 S. W. 882.

A number of cases apply the rule where the exemption laws of both states are similar. Pierce v. C. & N. W. Ry. Co., 36 Wis. 283; Mo. Pac. Ry. Co. v. Maltby, 34 Kan. 125, 8 P. 235; Kansas City, etc., Ry. Co. v. Gough, 35 Kan. 1, 10 P. 89; K. C., F. S. & M. Ry. Co. v. Cunningham, 7 Kan. App. 47, 51 P. 974; Schroeder, etc., Co. v. Willis Coal Co., 179 Mo. App. 93, 161 S. W. 352, and authorities there cited. Mason v. Beebee (C. C.) 44 F. 556, opinion by Shiras, afterward Associate Justice United States Supreme Court.

We have been unable to distinguish the cases cited and it seems that they are in direct conflict. The same observation is made with reference to the holdings in Missouri in the cases cited in Steele v. Reid, 284 Mo. 269, 223 S. W. 884, and those cited in Schroeder, etc., Co. v. Willis Coal Co., 179

Mo. App. 93, 161 S. W. 352. In the first line of cases the Supreme Court of Missouri is committed to the proposition that the proceeds of a sale of a homestead in another state when brought to Missouri does not come. under the protection of the Missouri homestead law, although the exemption laws of the two states are practically the same. In the line of cases cited in the Schroeder Case the Missouri appellate courts have consistently, in garnishment cases, applied the exemption laws of other states similar to that of the exemption contained in the Missouri garnishment statutes. None of the cases from Missouri announcing such contrary doctrines refer to the others. So it seems that in Missouri the rule of comity is denied as to the proceeds of a homestead, but applied to a debtor in garnishment.

None of the decisions in this state to which our attention has been called directly decide the question. In Wm. Cameron & Co. v. Abbott (Tex. Civ. App.) 258 S. W. 562, the rule as announced in Schroeder v. Willis Coal Co. is approved, but not applied because the debtor was not entitled to the exemption under the laws of Oklahoma and for other reasons. 25 C. J., title "Exemptions," p. 12.

In Schroeder, etc., Co. v. Willis Coal Co., supra, it is said:

"Comity between the several states and the courts thereof have been almost universally exercised throughout this country and recognized as a sound principle, particularly so in the administration of exemption laws. * * * Our courts have distinctly recognized it in several cases."

It has also been declared that it is not necessary that the foreign statute should resemble the statute of the forum in all its details. It is sufficient that the policy of the legislation of the two states upon the subject of the right is the same.

[5] It is concluded that cases announcing the rule as approved in Wm. Cameron & Co. v. Abbott are more in harmony with the policy of our laws and should be followed. If the rule of comity as to exemption laws of another state is ever to be invoked, such rule should find application in the case at bar. The debtor was a citizen of this state, and while temporarily absent therefrom is injured. He is awarded compensation, which, under the laws of the state where awarded, is exempt to him. If the award had been made in this state, the exemption would have accrued to him. The policy declared by the Legislature in enacting this statute was to keep secure the amount awarded on account of such injuries, in order to provide for the support of the injured workman and those dependent upon him, in order that they might not become a public charge, and to enable him to make some provision for the future. To deny that exemption upon the technical ground that it was not awarded under our statute, and therefore does not protect him, and to hold further that the law of Illinois can have no extraterritorial effect, would be arbitrary and unjust, and sacrifice the spirit of the law to its letter. It is believed that the trial court in applying the exemption as was done in this case under the rule of comity did not abuse his discretion, but that he thereby gave effect to the object of our own statute and the policy of our own laws.

It follows that the judgment should be affirmed, and it is so ordered.