MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS V. SAM SWARTZ.

Decided December 10, 1908; January 21, 1909.

**1.—Garnishment—Judgment—Jurisdiction—Residence—Situs of Debt—Constitutional Law.**

A railway company operating in Texas and Missouri owed wages payable in Texas to an employe resident there.   A creditor of the employe sued him in Missouri, obtaining constructive service on him in Texas in accordance with the Missouri laws and obtaining personal service in Missouri on the railway company as garnishee.   The debt was exempt from garnishment by the laws of Texas, but not, as to a nonresident, by those of Missouri; and, the debtor making no appearance, the garnishee pleaded his exemption, which was disallowed; judgment was rendered for the amount it admitted owing, and was paid by the garnishee.   In a suit for his wages by the employe against the railway company in Texas it is held that the Missouri court had jurisdiction to render the judgment in garnishment; that the situs of the debt was immaterial; and that the courts of Texas were required to give faith and credit to the Missouri judgment by allowing defendant credit for the money paid in its discharge.

**2.—Same—Cases Discussed.**

Chicago, R. I. & P. Ry. Co. v. Sturm, 174 U. S., 710; Harris v. Balk, 198 U. S., 215; Louisville & N. Ry. Co. v. Deer, 200 U. S., 176, discussed and followed.   Continental Ins. Co. v. Chase, 89 Texas, 212; same case, 33 S. W., 602, distinguished.

Appeal from the County Court of Grayson County.   Tried below before Hon. J. W. Hassell.

*N. H. L. Decker,* for appellants.—The suit and garnishment in favor

of Spencer Lewis against the defendant in garnishment was valid and binding, wherefore defendant was entitled to credit for $79.90 which was paid by defendant in satisfaction of said judgment in garnishment in Jackson County, Missouri. Rev. Stats., art. 1194, subheads 23 and 25, as to proper venue of suits over corporations; 1 Black on Judgments, sec. 221.

A State may by law authorize a judgment to be rendered against a party without notice, and the judgment in favor of Lewis against Swartz on service required by the law of Missouri was valid without notice to Swartz, so far as the money in the hand of the garnishee and within the jurisdiction of that court in Missouri was concerned. Kitchen v. Crawford, 13 Texas, 258-517; Johnston v. Templeton, 60 Texas, 238; Pennoyer v. Neff, 95 U. S., 725; 1 Black on Judgments, secs. 227-28.

The State of Missouri had a right to prescribe the mode of bringing parties before its own courts and the judgment rendered in the Missouri court was not void, but was binding in rem and as to the wages seized by garnishment in the hands of the railway company. Pennoyer v. Neff, 95 U. S., 725; 1 Black on Judgments, sec. 229; Story on Conflict of Laws, sec. 549.

Actual knowledge by a defendant of the pendency of a suit against him and of the judgment rendered against him on constructive service affecting his property, is as binding upon such a defendant as any extra-territorial service or notice would be. Kitchen v. Crawford, 13 Texas, 258-517; Johnston v. Templeton, 60 Texas, p. 238; Pennoyer v. Neff, 95 U. S., 725; 1 Black on Judgments, sec. 263.

That a State may control the benefits of its exemption laws for its own citizens, see Thompson on Exemptions, secs. 20 and 21; 12 Am. and Eng. Ency. of Law (2d ed.), 78, 79, 84 and 85.

A judgment in garnishment rendered in another State where service has been perfected in such other State according to its laws, and where the Court had jurisdiction of the property the rights to which were adjudicated in and by such judgment, is entitled to full faith and credit in this State. Constitution of the United States, art. 4, sec. 1; 1 Black on Judgments, sec. 376; 2 Black on Judgments, sec. 935.

J. S. Kone, for appellee.—The property of a nonresident must be actually present to be appropriated. In the case of garnishment, if the debt due by the garnishee is not payable at a point within the jurisdiction of the court, jurisdiction will not be obtained by garnishment. Harvey v. Railway, 52 N. W., 905; Shinn on Att. & Gar., sec. 628; Smith v. Tabor, 16 Texas Civ. App., 154; Texarkana & Ft. S. Ry. v. Gray, 3 Texas Ct. Rep., 377; Trust Co. v. Railway, 68 Fed., 685; Williams v. Ingersoll, 89 N. Y., 508.

Appellant, after disclosing the facts showing exemption of fund, should have had the defendant (appellee in this case) cited to the end that he should make his own defense. Missouri Pacific Ry. Co. v. Whipseker, 77 Texas, 14; Inglehart v. Moore, 21 Texas, 501.

A judgment of a sister State which denies to nonresidents the same rights, privileges and immunities as are enjoyed by citizens of said

State is null and void, being in conflict with the Constitution of the United States (art. 4, sec. 2, par. 1), and will not be recognized by the courts of this State, whose citizens are denied said, rights, privileges and immunities.

HODGES, ASSOCIATE JUSTICE.—The appellee, Swartz, recovered a judgment against the appellant in the. Justice Court of Grayson County, for the sum of $92.35 claimed to be due for wages for personal services rendered the appellant as one of its employes. The following is the substance of the agreed statement of facts: The appellee, Sam Swartz, worked for the appellant as a brakeman during the month of April, 1906, and earned as wages the sum of $107.85. These services were performed on the appellant's line of railway from Denison, Texas, north to Muskogee, Oklahoma, and from Denison south in the State of Texas. The wages were usually paid at Denison, Texas, and that is where Swartz expected to receive them. During the month of April, 1906, and before that time, Swartz was indebted to W. S. Hibbard in the sum of $69.20. Hibbard transferred this debt to Spencer Lewis, who resided in Jackson County, Missouri. Sometime in April Lewis filed suit upon this debt against the appellee, in a court of competent jurisdiction in Jackson County, Missouri, and at the same time applied for and obtained garnishment process against the appellant, who at that time was operating a line of railway through Jackson County, Missouri, and had offices and agents in that county. The appellant as garnishee answered, and in its answer pleaded that the debt due Swartz was not subject to garnishment; that it was due for wages which were exempt in Texas. The Justice Court in Missouri rendered a judgment in favor of Lewis against Swartz for the sum sued for and costs, aggregating $79.90, and also in favor of Lewis against the appellant as garnishee for the same amount, holding that the railway company was liable in the garnishment proceedings. Swartz and his attorney were notified of the rendition of the judgment, and were asked if they desired the case appealed. They replied that they did not care whether it was appealed or not. The appellant thereupon, in June, 1906, paid off the judgment and costs.

Swartz had procured from the appellant three meal-books of the value of $5 each, which, by agreement between him and the appellant, were to be deducted from his wages, together with an additional fifty cents for hospital fees for April. The appellant tendered into court in this suit $12.45, which would be the correct amount due if it was entitled to a credit for the amount paid upon the judgment rendered in Missouri. At the time the judgment was rendered against Swartz in Missouri he was a nonresident of that State and was residing in Texas. Under the laws of Missouri a nonresident was not entitled to the benefit of the exemption in favor of current wages for personal services. Upon the foregoing facts the court rendered judgment against the appellant, from which this appeal is prosecuted.

Under the facts as shown by the record, the appellee was not entitled to a judgment for the sum paid by the appellant in satisfaction of the Missouri judgment. That judgment was valid and binding in this State against the appellee as to the sum adjudged against the ap-

pellant as the garnishee in that suit. The garnishment was in the nature of proceeding in rem, and a judgment therein was binding on a nonresident cited by publication or having only constructive notice of the original suit. For such purpose the situs of the debt is where the debtor is or may be found. Chicago, R. & P. Ry. Co. v. Sturm, 174 U. S., 710, 43 L. E., 1144; Berry v. Davis, 77 Texas, 191; Austin Nat. Bank v. Bergen, 47 S. W., 1037.

In the first case above cited it is held that the right of exemption is not a part of the contract, but affects only the remedy, and is therefore governed by the law of the forum.

The judgment of the trial court will be reformed as follows: Judgment is rendered against the .appellant for $12.45, the amount tendered and paid into court upon the trial below, and that all costs; both of this court and the court below, be taxed against the appellee.

### ON MOTION FOR REHEARING.

A further investigation of the authorities bearing upon the question here involved has thoroughly convinced us of the correctness of the conclusions at which we arrived in the original disposition of the case. But in view of the fact that some of the more important authorities upon which that decision should be made to rest were omitted, we think it proper to here present them, as well as to briefly discuss the cases cited by the appellee in his motion for a rehearing. It must be borne in mind that the issue raised, and upon the determination of which the disposition of the case was made to rest, involved the decision of a federal question; that is, whether the County Court from which this appeal comes gave full faith and credit to the judgment of a court of another State, as is required by the Constitution of the United States. If the judgment rendered in the State of Missouri against the appellant in the garnishment proceedings is valid in that State, then under the provisions of the Constitution referred to it is binding upon the courts of this State, and full faith and credit should be given it. Fauntleroy v. Lum, 210 U. S., 230. The appellee insists that it was void, because, as he contends, the situs of the debt is in Texas, and was not within the jurisdiction of the court rendering the judgment in the garnishment proceedings. The cases to which he refers us are not all in point. The case of the Continental Ins. Co. v. Chase, 33 S. W., 602, appears to support his contention. The Supreme Court, however, in affirming the case, does not concur in that reason for holding the foreign judgment void. The same case is passed upon by the Supreme Court in 89 Texas, 212. That court holds that the jurisdiction of the foreign court in the garnishment proceedings against the appellant company was not such as to authorize it to render a judgment therein, for the reason that suit had first been instituted in this State against the insurance company and that the jurisdiction of the court here attached before suit was instituted in the foreign State. The case of Chicago, R. I. & P. Ry. Co. v. Sturm, 174 U. S., 710, cited by us, is, we think, decisive of this case; but if it should be claimed that it does not fully determine the issue here involved, we think the case of Harris v. Balk, 198 U. S., 215, 25 Sup.

Ct., 625, meets every objection and is decisive of the very question which is here involved. The doctrine laid down in the Sturm case is not only there approved, but the question omitted in that case is definitely decided—that is, as to what effect the situs of the debt has in determining the jurisdiction of the court over the garnishee for the purpose of entering a judgment binding as against the original debtor.

In the case of Harris v. Balk, supra, the facts were these: Harris owed Balk a sum of money, and both were citizens of the State of North Carolina. The indebtedness was not evidenced by any written instrument, and there was no place of payment specified. Subsequently and before the debt was paid, Harris went to Baltimore, Maryland, for the purpose of buying a stock of goods; and while temporarily in that city Jacob Epstein, a resident of Baltimore and the State of Maryland, claimed to have a debt against Balk, instituted suit against the latter, as a nonresident, and at the same time had a process of garnishment issued and served upon Harris. Harris returned home, but subsequently filed an affidavit admitting an indebtedness to Balk in the sum of $187. Judgment was rendered against him for that amount in the garnishment suit, which he subsequently paid. Afterwards Balk sued Harris in the courts of North Carolina for the full amount of his debt. Harris pleaded this judgment and its payment in bar of the action. The courts of North Carolina held that it was not a sufficient answer, that the judgment in Maryland was void, and rendered judgment against Harris. An appeal was taken to the Supreme Court of North Carolina, where the judgment was affirmed; from which an appeal was taken to the Supreme Court of the United States, where a decision was rendered reversing the judgment of the North Carolina courts. In deciding that case the court says: "Attachment is the creature of the local law; that is, unless there is a law of the State providing for and permitting the attachment it can not be levied there. If there be a law of the State providing for the attachment of the debt, then if the garnishee be found in that State, and process be personally served upon him therein, we think the court thereby acquires jurisdiction over him and can garnishee the debt due from him to the debtor complained of, and condemn it, provided the garnishee could himself be sued by his creditor in that State. We do not see how the question of jurisdiction vel non can properly be made to depend upon a so-called original situs of the debt or upon the character of the stay of the garnishee, whether temporary or permanent, in the State where the attachment is issued. Power over the person of the garnishee confers jurisdiction on the courts of the State where the writ issues. If while temporarily there his creditor might sue him there and recover the judgment, then he is liable to process of garnishment no matter where the situs of the debt was originally. We do not see the materiality of the expression 'situs of the debt' when used in connection with attachment proceedings. If by the situs is meant the place of the creation of the debt, that fact is immaterial; if it be meant that the obligation to pay the debt can only be enforced at the situs thus fixed, we think it plainly untrue. The obligation of the debtor to pay his debt clings to and accompanies him wherever he goes; he is as much bound to pay his debt in a foreign

State when therein sued upon his obligation by his creditor as he was in the State where the debt was contracted. We speak of ordinary debts, such as the one in his case. It would be no defense to such suit for the debtor to plead that he was only in the foreign State casually or temporarily; his obligation to pay would be the same whether he was there in that way or with an intention to remain. It is nothing but the obligation to pay which is garnished or attached; this obligation can be enforced by the courts of the foreign State after personal service of process therein just as well as by the courts of the domicile of the debtor. If the debtor leaves the foreign State without appearing, a judgment by default may be entered, upon which execution might issue; or the debt may be sued upon in any other State where the debtor may be found. In such case the situs is unimportant."

This case is also cited and followed in Louisville & N. Ry. Co. v. Deer, 200 U. S., 176, 26 Sup. Ct., 207.

These decisions effectually overrule those of the State courts in which a contrary view of this question has been taken.

In as much as an appeal from this judgment would lie from this court to the Supreme Court of the United States and not to the Supreme Court of the State of Texas, we deem it our duty, even should there be a conflict—although we have not found any—to follow the federal decisions.

The motion for a rehearing is overruled.

*Reformed and rendered.*