TEXAS & P. RY. CO. v. W. C. POWELL & SON.

(Court of Civil Appeals of Texas. Texarkana. April 25, 1912. Rehearing Denied May 16, 1912.)

1. CONSTITUTIONAL LAW (§ 42*)—RIGHT TO RAISE QUESTION — INVALIDITY OF JUDGMENT—GARNISHEE.

A garnishee is not required to look beyond the face of the record in determining whether the court acquired jurisdiction of defendant by proper service, nor can the garnishee do so of its own motion, so that where the judgment against the defendant is valid on the face of the record, the garnishee cannot assert the unconstitutionality of the statute under which service was made on defendant.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 39, 40; Dec. Dig. § 42.*]

2. EVIDENCE (§ 43*)—GARNISHMENT (§ 86*)—JUDICIAL NOTICE—RENDITION OF JUDGMENT—GARNISHMENT PROCEEDINGS.

Since garnishment proceedings are merely ancillary to the original suit, the court will take judicial notice of the judgment rendered in the principal case; and the fact that judgment offered in evidence in the garnishment proceeding is different from that described in the application is not ground for reversing a judgment against the garnishee.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 62–65; Dec. Dig. § 43;* Garnishment, Cent. Dig. §§ 155–166; Dec. Dig. § 86.*]

Appeal from District Court, Cass County; P. A. Turner, Judge.

Action by W. C. Powell & Son against the Texas & Pacific Railway Company as garnishee. From a judgment for plaintiffs, garnishee appeals. Affirmed.

O'Neal & Figures, of Atlanta, for appellant. Hugh Carney, of Atlanta, for appellees.

HODGES, J. On November 23, 1910, appellees, W. C. Powell & Son, recovered a judgment by default against the Colorado & Southern Railway Company in the justice court of precinct No. 4 of Cass county, and on the 14th day of December following they caused a writ of garnishment to be issued and served upon the Texas & Pacific Railway Company, appellant in this suit. That company answered, and among other things admitted that it was in possession of funds belonging to the Colorado & Southern Railway Company to the amount of $450, and further answered that it was informed and believed that the judgment upon which the writ of garnishment was issued was rendered without service of citation upon the Colorado & Southern Railway Company as required by law, and that such writ of garnishment was improper and illegally issued. Upon a trial of the issues presented by the answer, appellees recovered a judgment against the appellant, Texas & Pacific Railway Company, as garnishee, for the amount of their debt against the Colorado & Southern Railway Company. An appeal to the district court of Cass county resulted in the rendition of a similar judgment in favor of Powell & Son, and from that judgment this appeal is prosecuted by the Texas & Pacific Railway Company.

The first and principal question presented is raised by an attack on the validity of the judgment rendered in the principal suit against the Colorado & Southern Railway Company, for unless that defense was available the answer of the Texas & Pacific Railway Company fully warranted the judgment rendered. The appellant insists that the principal judgment was void for lack of jurisdiction over the person of the Colorado & Southern Railway Company, and hence there is no basis for an adjudication against it as the garnishee. The evidence relied on is the proof that the Colorado & Southern Railway Company was a foreign corporation, and that a citation in the principal suit had been served upon one J. A. Byron, who was at the time the local freight agent of the Ft. Worth & Denver City Railway Company at Ft. Worth, Tex. Byron testified that he was not the agent of the Colorado & Southern Railway Company, but admitted that he did make contracts for the transportation of property over that line of road just as he made similar contracts for the carriage of property over other lines of railway. It is not insisted that this particular service is not in compliance with the provisions of sections 2 and 3 of the act of 1905, providing

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

for service on foreign corporations. See Acts 1905, p. 29.

[1] The validity of that statute, however, is attacked as being in conflict with the provisions of the federal Constitution which prohibit any state from depriving any person of his property without due process of law, etc., but even if we were disposed to concur in the attack made upon the constitutionality of this statute, we do not feel called upon to enter upon a discussion of that question in this instance, for reasons which will hereafter more fully appear. While it is true the garnishee is generally charged with the duty of inquiring into the validity of the judgment rendered in the principal suit against his creditor, he does not occupy the position nor hold the rights, as to the extent of the inquiry, of one who may make a direct attack upon that judgment. Whatever he may do in that respect is that which the law says he must do for his own protection against his creditor when called upon thereafter for payment of the same debt. Since garnishment writs may be sued out long after the rendition of the principal judgment and under circumstances making it practically impossible for a garnishee to show by evidence aliunde the record whether or not the court rendering the judgment had acquired jurisdiction over the person of the defendant, it would subject such litigants to unusual hardships if they were required to establish the absence of adequate service in all cases where none was obtained. If they may do so, it is because they must satisfy the principal demand to the extent of their adjudicated liability at their peril. To so hold would be to establish a harsh and unreasonable requirement, and go beyond any precedent yet established. If a garnishee is not required to make this defense, he should not be permitted to gratuitously interpose it. If by looking to the record he finds a judgment apparently valid, this is as far as he is called upon to inquire. Potter v. Whitten (Mo. App.) 142 S. W. 453; 23 Cyc. 1069, and notes. Such a judgment would furnish him adequate protection should it be offered by him as evidence in a suit against him by his creditor whose debt he has paid. It is not contended in this appeal that either the judgment itself or any portion of the record discloses insufficient service. The original judgment recites that the Colorado & Southern Railway Company "was duly and legally cited as the law directs." The citation and return of the officer are not included in the record before us, neither is it made to appear that the service on Byron was the only service obtained upon the defendant in that suit. In this state of the evidence, we must assume that the court acted upon valid service in rendering the judgment he did. Service upon a nonresident defendant may be insufficient to sustain a personal judgment, but ample to support the ancillary proceeding of garnishment. See M., K. & T. Ry. Co. v. Swartz, 53 Tex. Civ. App. 389, 115 S. W. 275, and cases there referred to.

[2] The contention that the judgment offered in evidence varied from that described in the application furnishes no reason for reversing the judgment of the court below. Garnishment proceedings being merely ancillary to the original suit, the court will take judicial knowledge of the judgment rendered in the principal case. Kelly v. Gibbs, 19 S. W. 563.

The judgment of the district court is, accordingly, affirmed.