## LOPEZ et al. v. CALZADO.     (No. 7490.)*

(Court of Civil Appeals of Texas. San Antonio. Feb. 3, 1926. Rehearing Denied March 3, 1926.)

1. **Appeal and error ⟨≈⟩672—Failure to allege that there was no administration, or that there was no necessity for it, held fundamental error in suit against an estate.**

In suit against an estate, failure to allege and prove that there has been no administration or that there was no necessity for administration, *held* fundamental error.

2. **Process ⟨≈⟩85.**

Every essential requirement of statute authorizing citation by publication on nonresidents should be complied with.

3. **Attorney and client ⟨≈⟩23—Attorney representing absent party has duty to test pleadings by general demurrer and special exceptions (Vernon's Sayles' Ann. Civ. St. 1914, art. 1941).**

Where attorney was appointed under Vernon's Sayles' Ann. Civ. St. 1914, art. 1941, to defend absent party, where service was by publication and no answer was filed or appearance entered, it was his duty to test pleadings by general demurrer and special exception and insist that hearing on such exceptions be had.

4. **Attorney and client ⟨≈⟩23—Where attorney appointed to represent absent party, who had been served by publication, fails to test pleadings by demurrer and exception, court should direct his action (Vernon's Sayles' Ann. Civ. St. 1914, art. 1941).**

Where attorney, appointed under Vernon's Sayles' Ann. Civ. St. 1914, art. 1941, to rep-

---

⟨≈⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction April 28, 1926.

resent absent party, who had been served by publication, failed to test pleadings by general demurrer and special exception, court should direct presentation of such exception as well as all defenses to which party might be entitled in having proper testimony presented and improper excluded.

**5. Appeal and error ⟨⟩1165—In action against nonresident served by publication, judgment for plaintiff will be reversed, where improper evidence was received and defendant's rights were not properly protected in trial.**

Where, in suit against nonresidents, who were served by publication and did not appear, evidence concerning transactions with dead man and as to laws of Mexico by one not qualifying as expert was admitted without objection, and plaintiff's claim was barred by statute of limitations, judgment for plaintiff would be reversed, since defendants have not had their constitutional day in court.

Error from District Court, Bexar County; R. W. B. Terrell, Judge.

Suit by Eusebio Calzado against Refugio de Leon de Lopez and others, in which a writ of garnishment was issued, and served on the Mexico-Texas Petroline & Asphalt Company. Judgment for the plaintiff, and defendants bring error. Reversed and remanded.

Hicks, Hicks, Dickson & Bobbitt, of San Antonio, for plaintiffs in error.

William C. Church and Douglas N. Lawley, both of San Antonio, for defendant in error.

FLY, C. J. This is a suit instituted by defendant in error against Refugio de Leon de Lopez, Ramon Lopez and his unknown heirs, and Elena Lopez, to recover the sum of $20,154.18. It was alleged that Ramon Lopez promised to pay that sum of money to defendant in error. Although sued herein, it was alleged that Ramon Lopez had died prior to January 1, 1910, which was at least 14 years before this suit was instituted. It was alleged that his surviving widow, Refugio de Leon de Lopez, "did likewise promise to pay to plaintiff said sum of money by an instrument in writing dated March 15, 1911, which instrument provided that said account should not bear interest." Plaintiffs in error, as well as the dead man, Ramon Lopez, were cited by publication. None of them answered, and the cause was tried, an attorney being appointed to represent them. He filed an answer for the dead man and others, consisting of a general demurrer and general denial. In the judgment rendered in the suit, it is recited that all of the parties were cited by publication; that they were indebted to defendant in error in the sum of $18,654.18; that a writ of garnishment had been issued and served on the Mexico-Texas Petroline & Asphalt Company, which had answered; that

Elena Lopez was the owner of 1,500 shares, of the par value of $10 each, in said corporation. It was provided in the judgment that the defendants in the suit should not be held liable beyond the proceeds arising from a sale of the shares, and that no personal judgment should be rendered against them. The judgment was dated January 8, 1925, and the petition for a writ of error was filed on July 7, 1925.

The statement of the facts given at the trial of the cause in the absence of the plaintiff shows that Calzado, the defendant in error, was the only witness, and he swore, without objection, to transactions with Ramon Lopez, who died in 1911, that the shares of stock were transferred to Jose Belden in 1911 by Refugio de Leon de Lopez; that 1,500 shares were placed in the name of Elena Lopez. The witness swore that it was explained, when, by whom, or how, or where, not being revealed, that the shares had been transferred to Elena to protect them from creditors. The garnishee swore that neither deceased nor either of the plaintiffs in error appear on the books of the corporation as the owners of any shares and the garnishee stated that they nor either of them so far as known or believed by garnishee had any shares or any interest or right therein. A letter from Jose Belden to Calzado of date December 29, 1911, was introduced in evidence to show that the shares had been transferred by Refugio de Leon de Lopez to Belden, "with the reservation that the shares and their profits were to guarantee payment of the account" sued on.

No defense seems to have been offered by the attorney appointed, but the trial seemed to have been treated as a trivial matter and in the most perfunctory manner, and no regard seems to have been paid to the rules of pleading or evidence usual and proper in similar cases.

[1] The petition shows that the shares of stock in the Texas corporation belonged to Ramon Lopez; that he died prior to January 1, 1910, leaving a widow, a daughter Elena Lopez, and other heirs who were unknown. There was no allegation or proof that there had been no administration, or that there was no necessity for administration, of the estate of the deceased. This allegation is absolutely essential in suits by or against an estate, and a failure to make such allegation and proof is fundamental error, and will necessitate a reversal of a judgment obtained under such pleadings. Sanders v. Devereux, 25 Tex. Supp. 1; Richardson v. Vaughan, 23 S. W. 640, 86 Tex. 93; Laas v. Seidel, 67 S. W. 1015, 95 Tex. 442; Ins. Co. v. Johnson (Tex. Civ. App.) 235 S. W. 650; Johnson v. Union Nat. Bank (Tex. Civ. App.) 242 S. W. 293; Mod. Woodmen of America v. Yanowsky (Tex. Civ. App.) 187 S. W. 728; Freeman v. Klaerner (Tex. Civ. App.) 190 S.

W. 543; Engelking v. Mertens (Tex. Civ. App.) 202 S. W. 777. Not only was there no proof that there had been no administration, nor a necessity for any administration, but, on the other hand, the evidence of Eusebio Calzado indicated that there were other creditors besides himself, for he said that it was explained to him "that they transferred those shares to the daughter to protect the shares against other creditors, to which I had no objection".

[2-4] Citation by publication was resorted to by defendant in error, and it is a miserable makeshift in giving notice in order that a defendant may have his day in court, being in fact a fiction. Every essential requirement of the statute as to such citation should be complied with, and when such compliance has been accomplished, every requirement as to the trial should be fully met. It is provided in article 1941, Vernon's Sayles' Ann. Civ. St. 1914, that where service of process has been made by publication and no answer filed or appearance entered, the court shall appoint an attorney to defend the suit in behalf of the defendant. This appointment is intended that the absent person, who usually knows nothing about the suit, may have any and all defenses presented to which he would be entitled if personally present. The pleadings should be tested by general demurrer and special exception, and a hearing on such exceptions be had before the court, and if such test is not offered, the court, in the protection of the absent, helpless person, might well direct the presentation of such exceptions, as well as all defenses to which the defendant might be entitled in having proper testimony presented and improper excluded. The absent person is entitled to his day in court, and under service by publication his rights can only be guarded by the court, and the attorney appointed by the court.

[5] In this case evidence was given by the plaintiff in the suit in defiance of the statute as to parties testifying to transactions with a dead man, and he was permitted, without objection, to testify as to the laws of Mexico on descent and distribution, without qualifying as an expert. Although the claim of the plaintiff, whether founded on the account against Ramon Lopez, deceased, or on the written instrument given by his surviving widow, were both barred by limitation, as was apparent from the allegations of the petition, and a plea of limitations might well have been presented on behalf of the absent defendants, only a general demurrer and general denial were filed, and action of the court on the general demurrer was not invoked. This court has adverted to these matters to call attention to the fact that every person cited by publication should be fully and ably defended, as the statute intended he should be, and not to reflect on

the attorney or court, for they were undoubtedly in honor and good faith, acting in the perfunctory manner common to such cases in the courts of the state. It is a custom better kept in the breach than the observance.

The matters herein discussed have been clearly and ably presented by Associate Justice Edward W. Smith in an opinion prepared for this court and this day handed down (281 S. W. 328), and reference is here made to that opinion for a clear and full elucidation of the position of this court in such cases.

The plaintiffs in error have not had their constitutional day in court, nor had their rights protected as the law intended, and the judgment will be reversed and the cause remanded.