**LOPEZ et al. v. MEXICO–TEXAS PETROLINE & ASPHALT CO. et al. (No. 7491.)**

(Court of Civil Appeals of Texas. San Antonio. Feb. 3, 1926. Rehearing Denied March 3, 1926.)

**1. Evidence ⬅⇒43(2).**

Appellate court will take judicial knowledge of pending case and entire record thereof as it appears in transcript.

**2. Husband and wife ⬅⇒221.**

Husband is necessary party to suit against wife.

**3. Judgment ⬅⇒126(1).**

Where defendant, who was served by publication, is absent at trial, plaintiff must plead and prove facts necessary to authorize judgment.

**4. Garnishment ⬅⇒7.**

Where erroneous judgment is basis of garnishment, garnishment is also erroneous.

Error from District Court, Bexar County; Robert W. B. Terrell, Judge.

Application by Eusebio Calzado for a writ of garnishment against the Mexico-Texas Petroline & Asphalt Company in a suit by the applicant against Refugio de Leon de Lopez and others. Judgment granting plaintiff execution and order of sale against garnishee, and defendants bring error. Reversed and remanded.

Hicks, Hicks, Dickson & Bobbitt, of San Antonio, for plaintiffs in error.

Phillips, Trammell & Chizum, of Fort Worth, and Robert G. Harris, Wm. C. Church, and Douglas N. Lawley, all of San Antonio, for defendant in error.

COBBS, J. This suit originated on the 25th day of August, 1924, in the filing of an application on that date by Eusebio Calzado in the district court, Seventy-Third judicial

district, of Bexar county, Tex., for a writ of garnishment against the Mexico-Texas Petroline & Asphalt Company, a Texas corporation, in cause No. B–37285, pending in the same court, styled Eusebio Calzado v. Refugio de Leon de Lopez et al., 281 S. W. 324.

In its answer, the garnishee alleged that it was not indebted to any of the defendants, and that none of the defendants owned any stock in said corporation except Elena Lopez (now Elena Gonzales), who owned 1,500 shares of the par value of $10 each. The garnishee further alleged that Refugio de Leon de Lopez, a widow, Ramon Lopez, the unknown heirs of Ramon Lopez and Elena Lopez, a feme sole, the defendants in the main suit, No. B–37285, were nonresidents of the state of Texas, and proper and necessary parties to the garnishment proceeding, and that they should be cited to appear and set up whatever rights they had in the premises. Citation by publication was issued to the defendants, and they having made no appearance in person or by attorney, the court appointed an attorney to represent them; who filed a formal answer consisting of a general demurrer and general denial.

The case was heard on the 12th day of January, 1925, and judgment was rendered in favor of the plaintiff against the garnishee and the said defendants, finding that the defendants were jointly and severally indebted to Eusebio Calzado in the sum of $18,654.18, and that the plaintiff had recovered a judgment on the 8th day of January, 1925, in said cause No. B–37285, against said defendants for said amount, and that the defendant Elena Lopez owned said stock in said corporation, and that the same or so much thereof as might be necessary should be sold to satisfy said judgment. The judgment then recited that the said plaintiff should have his execution and order of sale against the garnishee and all of the defendants ordering the sale of said shares of stock and the application of the proceeds or so much thereof as might be necessary to satisfy said sum of $18,-654.18, and that the officer making such sale should transfer said shares of stock to the purchaser thereof by a proper transfer.

Plaintiffs in error had no actual notice of the proceeding until May, 1925, after the term of court at which the judgment was reversed, had closed. Defendants in said cause filed this petition for writ of error on the 7th day of July, 1925, and in connection therewith filed their writ of error bond, and caused said citation to be issued to the plaintiff and garnishee and filed their assignments of error, thereby bringing the cause to this court.

This is a suit by the plaintiff against the widow of Ramon Lopez and the unknown heirs of Ramon Lopez, including his daughter, Elena Lopez.

The first point made by appellant is that the law required, as a prerequisite for the issuance of citation to unknown heirs, that an affidavit shall be made at the institution of the suit by plaintiff, his agent or attorney, and shall be filed, stating under oath that the names of such heirs are unknown, etc. The affidavit, among other defects, for the publication to be issued to the unknown heirs of Ramon Lopez, contained the name *Roman* Lopez, instead of *Ramon* Lopez.

[1] We sustain the sixth point. There is no valid judgment in the main suit, No. B–37-285. It is now before this court upon a writ of error, and the judgment was this day reversed and the cause remanded in an opinion covering every material point of real significance in this case. 281 S. W. 324. We take judicial knowledge of such a case pending here and the entire record as it appears in the transcript. Kelly v. Gibbs, 19 S. W. 380, 563, 84 Tex. 143; Plowman v. Easton, 39 S. W. 171, 15 Tex. Civ. App. 304; Texas & Pacific Ry. v. Powell (Tex. Civ. App.) 147 S. W. 363; Central Bank & Trust Co. v. Davis (Tex. Civ. App.) 149 S. W. 290. We shall not, in this case, discuss further any question as to the validity of the judgment in the main case, which is rendered entirely unnecessary by the judgment of this court, as stated above, in which the opinion fully covers every phase of defect in it.

[2] Elena Gonzales or Elena Lopez and Gonzales were married when the suit was filed, and she was sued as a single woman. Her husband was a necessary party to the suit and was not made a party. Barmore v. Darragh (Tex. Civ. App.) 227 S. W. 523.

[3] The defendant in error under the law was required to plead and prove the facts necessary to authorize a judgment, which he has wholly failed to do.

[4] As the original judgment has been held to be erroneous as it is, and because it is made the basis of the garnishment, it must follow, as logically as "night follows the day," that it cannot stand alone and must take the same route as the main case.

It is consequently ordered that the judgment in this cause be reversed and remanded for another trial.