**NATIONAL FIRE INS. CO. v. SANDERS et al.**

District Court, E. D. Texas, Texarkana Division. June 15, 1929.

No. 75.

Thompson, Knight, Baker & Harris, of Dallas, Tex., for plaintiff.

Winfrey & Lane, of Dallas, Tex., for defendant W. D. Sanders.

Cantey, Hanger & McMahon, of Fort Worth, Tex., for defendant Armour Fertilizer Works.

Rodgers & Rodgers, of Texarkana, Tex., for intervener.

ESTES, District Judge. The plaintiff herein, a fire insurance company, acknowledging an indebtedness to W. D. Sanders for loss occasioned by fire, has filed this bill in equity, based upon section 24, subd. 26, of the Judicial Code (28 USCA § 41(26), which authorizes insurance companies to file such pleading where there are two or more adverse claimants, citizens of different states, to an indebtedness thus created.

The allegations are that the company issued to Sanders a policy of fire insurance on his dwelling in De Kalb, Tex., a town located within this district, which dwelling was thereafter destroyed by fire; that on July 18, 1927, after the loss had been adjusted, the Armour Fertilizer Works filed a suit against Sanders in a municipal court of Cook county, Ill., upon an alleged indebtedness due it from Sanders, and procured a writ of attachment to be served upon the insurance company in connection therewith, Sanders being cited by publication; that judgment has been rendered against San-

ders on such constructive service, and the attachment sustained; that Sanders has advised the company that the policy covered his homestead, and that under the constitution and laws of the state of Texas the proceeds of it are exempt from seizure, and, further, that he will attempt to hold the plaintiff for the payment of the proceeds to him, even though the Armour Fertilizer Works may prevail in the Illinois suit.

Mrs. Sanders has intervened·in the case, alleging that the homestead in question was the community property of herself and her husband, and that the proceeds arising from the policy are exempt under the Texas law.

The Armour Fertilizer Works has filed a motion to dismiss the bill, upon the ground, first, that the facts alleged are not sufficient to justify the application of the doctrine or principle of interpleader—that is, that the controversy disclosed is not one between adverse claimants to specific funds, but involves the question of the right of a creditor of Sanders to seize the funds, and, under the circumstances outlined, appropriate them to the payment of a judgment in favor of such creditor against him; second, that a judgment having been obtained against Sanders in a court of another state in connection with which the funds in question were seized and impounded, such court, having jurisdiction and authority to render the judgment and seize the funds, has gotten control of the res involved to the exclusion of the right of this court to interfere with it; and, third, that the insurance company is in no danger, under such conditions, of having to pay the amount of the loss twice, because, the Illinois court having jurisdiction, the payment of such judgment would be a good defense to any claim that Sanders could make in another suit for the recovery of the same amount, even though the benefit of the exemption law of Texas is not allowed him.

I think all these propositions are sound. The statute invoked here clearly does not enlarge the functions or application of the equitable principles of interpleader. It enlarges the jurisdiction of this court as to parties when a certain state of facts is shown to exist, but it does not make appropriate the use or remedy afforded by a bill of interpleader to cases where such remedy, before the statute, would not apply. Calloway v. Miles (C. C. A.) 30 F.(2d) 14.

Then, too, the claim of the defendant Sanders is not adverse to that of the plaintiff in the Illinois suit. The plaintiff in such suit is conceding that the funds impounded belong properly to Sanders, and is claiming the right to appropriate them *because* of that fact. The procedure employed is adequate to protect the plaintiff from further responsibility to Sanders (Chicago R. I. & P. R. Co. v. Sturm, 174 U. S. 710, 19 S. Ct. 797, 43 L. Ed. 1144; Harris v. Balk, 198 U. S. 215, 25 S. Ct. 625, 49 L. Ed. 1023, 3 Ann. Cas. 1084; Missouri, K. & T. R. Co. v. Swartz, 53 Tex. Civ. App. 389, 115 S. W. 275), and thus affords the plaintiff an adequate remedy at law. The exemption laws of Texas, on which the claims of both Mr. and Mrs. Sanders are based, relate to the remedy, which is a matter controlled by the laws of the forum in which the suit is brought (Mo., K. & T. R. Co. v. Swartz, supra).

The Illinois court having acquired jurisdiction of the res involved here, and as a consequence having the power to render a judgment that, in so far as the funds coming from this policy are concerned, will protect the plaintiff against loss from the very contingency it apprehends, this court, for that reason also, is without jurisdiction to afford the relief asked in the bill.

The motion to dismiss it is therefore sustained. This disposes, of course, of the intervention of Mrs. Sanders.