**BAUMGARDNER v. SOUTHERN PAC. CO.**

**No. 4335.**

Court of Civil Appeals of Texas. El Paso.

Oct. 28, 1943.

Rehearing Denied Dec. 2, 1943.

James R. Harper and John T. Hill, both of El Paso, for appellant.

Kemp, Smith, Goggin & White and Norman C. Hall, all of El Paso, for appellee.

McGILL, Special Commissioner.

This is an appeal from a judgment of the El Paso County Court at Law. The suit originated in the Justice Court of El Paso County. Appellant, Baumgardner, sought to recover from appellee, Southern Pacific Company, $122.17 due him as wages earned while he resided in El Paso County and was employed by appellee as a brakeman-conductor on its line of railroad between El Paso and Lordsburg, New Mexico. Appellee plead in bar payment of a judgment of the Superior Court of Yuma County, Arizona, rendered against it as garnishee, in a garnishment proceeding instituted in that court for the enforcement of a prior judgment for alimony, awarded appellant's wife in a divorce proceeding in that court. Trial to the court, without a jury, resulted in a judgment that appellant take nothing and that appellee recover its costs.

Appellant's points on which he predicates his appeal are not stated as required by 418(b), Texas Rules of Civil Procedure, but by various assignments and propositions he contends, in substance, that the judgment rendered in the garnishment proceeding was and is a nullity, since by contract express or implied his wages were payable in El Paso County, and the Arizona court therefore acquired no jurisdiction in the garnishment proceeding; that the claim asserted against appellant in the garnishment proceeding, being based on a judgment for permanent alimony, conflicts with the policy of the laws of this State and is not enforcible in Texas, and a judgment based thereon is not within the "full faith and credit" clause of the Federal Constitution, Art. IV, Sec. 1, and the court erred in giving effect to it as a bar to appellant's suit; also that appellee will not be protected by satisfaction of the judgment rendered against it in the garnishment proceeding because it failed to set out in its answer in that proceeding the facts constituting a defense to the issuance of the writ, since appellant was not cited and did not voluntarily answer the writ.

The court filed elaborate findings of fact, all of which are amply supported by the evidence. From such findings it appears that at all relevant times appellee is and was a Kentucky corporation operating a line of railroad as a common carrier from El Paso, westward through the States of New Mexico and Arizona; that it maintained freight and passenger stations in Yuma County, Arizona, with agents there upon whom service of process might be had. That on or about August 14, 1940, appellant, who at that time had been a resident of Arizona for eight or nine years, instituted suit for divorce in the Superior Court of Yuma County against his wife, Katy M. Baumgardner, a resident of the State of Iowa. In that suit a decree was rendered on February 8, 1941, granting Mrs. Katy M. Baumgardner a divorce from appellant on her cross-action and decreeing that appellant pay her $30 per month on or before the 20th day of each month beginning February 20, 1941, as permanent alimony. On May 21, 1941, Mrs. Baumgardner filed in the Superior Court an affidavit asserting that no portion of such alimony had been paid, and on the same date the court issued, and the sheriff of Yuma County served appellant with a citation returnable June 6, 1941, to show cause why he had defaulted in said alimony installment payments. On May 23, 1941, appellant, who was employed by appellee, procured a transfer of his employment from Yuma to El Paso, and since May 26, 1941 he has been a resident of El Paso County, employed by appellee on its trains running out of El Paso to Lordsburg, New Mexico, and return. He failed to appear in the

Superior Court to show cause why he had defaulted in the alimony installment payments. On July 14, 1941, on affidavit of Mrs. Baumgardner's attorney to effect that no part of the alimony installments falling due on the 20th days of February, March, April, May and June, 1941, had been paid and that there was the sum of $150 past due on the judgment of February 8th, and other statutory requirements, writ of garnishment was duly issued by the clerk of the Superior Court of Yuma County and served on appellee's agent at Yuma. On July 22, 1941, appellee filed its answer to such writ in which it alleged that at the time the writ was served it owed appellant $122.17. The answer did not disclose that the indebtedness was for current wages, exempt under the laws of Texas or Arizona. On September 6, 1941, the Superior Court rendered judgment against appellee on its answer in favor of Katy M. Baumgardner for $112.17, allowing appellee to retain $10 as a reasonable fee for preparing its answer. This judgment was fully paid and satisfied by appellee on February 9, 1943. Other facts appearing from the court's findings will be referred to where deemed material.

■ The court found that there was no express contract between appellee and appellant which bound appellee to deliver appellant's pay roll voucher to him only at El Paso, although it was customary to do so unless request was made to deliver it elsewhere, in which event it would be delivered where requested, if the place designated was at a point on appellee's line. Under these findings, there was no "special limitation or provision in respect to the payment," such as to require appellant to sue for his wages in El Paso County. He could undoubtedly have instituted suit against appellee for the debt in Yuma County, Arizona. Therefore, the Superior Court of Yuma County had jurisdiction of the res for garnishment; i.e., the debt of appellee to appellant. Chicago, R. I. & P. R. Co. v. Stur, 174 U.S. 710, 19 S.Ct. 797, 43 L.Ed. 1144; Home Ins. Co. v. Dick, Tex.Com.App., 15 S.W.2d 1028, at page 1031. That court also had jurisdiction to render judgment against appellee on the answer filed by it, although no process had been issued or served, actually or constructively, on appellant in the garnishment proceeding. Baltimore & O. R. Co. v. Hostetter, 240 U.S. 620, 36 S.Ct. 475, 60 L.Ed. 829.

■ Included in the court's findings of fact are provisions of the Arizona Constitution and laws, showing the Superior Court's jurisdiction of actions for divorce, and power to award permanent alimony in the final decree of divorce; authority of clerks of the superior courts to issue writs of garnishment where the plaintiff has a judgment and makes the required affidavit, and the decision of the Supreme Court of that State in Adair v. Superior Court, 44 Ariz. 139, 33 P.2d 995, 996, 94 A.L.R. 328, holding that "installments of alimony become vested the moment they are due and the court has no power to modify the decree as to them." In rendering its judgment of September 6, 1941 against the garnishee, the Superior Court of Yuma County necessarily construed the judgment for alimony as authorizing the issuance of the writ, under the Arizona statute and decision of its Supreme Court. The correctness of that construction is not before us on this appeal, nor could it properly be questioned in a collateral proceeding of this character.

■ It is well settled that under the "full faith and credit" clause of the Federal Constitution, Art. IV, Sec. 1, and the Act of Congress enacted pursuant thereto, Sec. 687, 28 U.S.C.A., a judgment rendered by a court of a sister state is entitled to the same recognition and will be given the same credit in this State as it would receive in the state where rendered. 26 Tex.Jur. p. 420, Sec. 571. The validity of the judgment is to be determined by the laws of the state where it was rendered, if pleaded and proved and it is immaterial that it is one not authorized by our laws or contrary to our public policy, for the "full faith and credit" clause requires that it be recognized. Id. p. 421, Sec. 572. Hastings v. Bushong, Tex.Civ. App., 252 S.W. 246, writ dismissed; Bray v. Union Nat. Bank of Dallas, Tex.Civ.App., 194 S.W. 1165; Fauntleroy v. Lum, 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039; Kenney v. Loyal Order of Moose, 252 U.S. 411, 40 S.Ct. 371, 64 L.Ed. 638, 10 A.L.R. 716.

Under the Arizona Code (Vol. 2, Ariz. Code, 1939, Sec. 25-219), which was pleaded and found by the court to be in effect at all relevant times, the judgment against the garnishee, with a showing of its payment, is an effective bar to any claim of appellant against appellee, founded on the indebtedness of the garnishee. It

must be given the same effect under the "full faith and credit" clause when urged as a bar to such claim in the courts of this State.

It is true that, in a garnishment proceeding instituted in this State, where the garnishee is indebted to the principal debtor for current wages which are exempt from garnishment under the laws of this State, and fails to disclose the facts showing such exemption, the judgment rendered against the garnishee is not conclusive against the debtor in a subsequent suit by him against the garnishee for such wages, when he has not been formally cited to appear and has not voluntarily appeared in the garnishment proceeding for the purpose of maintaining his rights. Missouri Pacific Ry. Co. v. Whipker, 77 Tex. 14, 13 S.W. 639, 8 L.R.A. 321, 19 Am.St.Rep. 734; 20 Tex.Jur. p. 838, Sec. 103. This is in accord with the general rule, although it is limited in some states to garnishment proceedings of which the principal debtor had no actual notice and was not afforded an opportunity to set up his exemption. See annotation 45 A.L.R. 646.

It may be conceded that the wages in question were exempt from garnishment had such proceeding been instituted in Texas. It does not necessarily follow that they were exempt in the garnishment proceeding instituted in Arizona. Exemption laws are local in their nature and have no extraterritorial force or operation. They relate to the remedy and depend upon the law of the forum. Chicago, R. I. & P. R. Co. v. Stur, supra; Missouri, K. & T. Ry. Co. of Texas v. Swartz, 53 Tex.Civ.App. 389, 115 S.W. 275; 18 Tex. Jur. p. 806, Sec. 5. There is no rule of comity which demands a recognition of a foreign exemption law. 35 C.J.S., Exemptions, p. 9, § 2; 18 Tex.Jur. p. 806, Sec. 5; Missouri, K. & T. Ry. Co. of Texas v. Swartz, supra. Appellant did not allege or prove any rule of comity existing under the law of Arizona by which the exemption laws of this State, and especially the exemption of current wages for personal service, are recognized and applied in that State. In the absence of such pleading or proof, we must assume that the law of Arizona in this respect is the same as that of this State. The foreign exemption is allowed by our courts if it is in conformity with the general policy of this State, and it is not necessary that the foreign statute should resemble our own in all its details. Strawn Mercantile Co. v. First Nat. Bank, Tex.Civ.App., 279 S.W. 473, 18 Tex.Jur. p. 806, Sec. 5.

The exemption of all current wages for personal service under our statute is absolute. Art. 4099, Vernon's Ann.Civ.St. Under the Arizona statute only one half of such wages (limited to those for services rendered within 30 days next preceding the service of the writ) when necessary for the support of the family of the debtor, are exempt; and such exemption must be claimed and proved by the debtor. Vol. 2, Ariz. Code 1939, Sec. 25-217.

In our opinion, the statutes are so dissimilar that they evidence a different general policy as to the exemption of current wages from garnishment, and the rule of comity recognized by our courts is inapplicable. It could, therefore, have availed the garnishee nothing to have disclosed the nature of the exemption nor to have plead the relevant Texas law in the Arizona garnishment proceeding. Carson v. Memphis & C. R. Co. 88 Tenn. 646, 13 S.W. 588, 8 L.R.A. 412, 17 Am.St.Rep. 921. The law did not require it to do a useless thing. Nor do we think it was obligatory on the garnishee to disclose the nature of the debt in view of the Arizona statute. Under that statute, that the debt due appellant was for current wages for personal services rendered within thirty days next before the writ was served would not alone exempt it. It must further be claimed by the principal debtor as necessary for the support of his family. Appellant did not allege or prove that appellee knew, or could have known, that the wages due him were necessary for the support of his family (Turner v. Sioux City & P. R. R. 19 Neb. 241, 27 N.W. 103), and even had he done so, the statute requires that he himself shall apply for the exemption. Therefore a disclosure by the garnishee that the debt was for current wages would have been no defense under the Arizona statute in the Arizona garnishment proceeding, even though it be assumed that, notwithstanding the specific provisions of Sec. 25-219, Arizona Code of 1939, supra, the courts of that State would follow the rule enunciated in Missouri Pacific Ry. Co. v. Whipker, supra.

The judgment is affirmed.

This opinion directed to be written and is adopted by the court.

WALTHALL, J., not participating.