114

## KIMBLE v. BENDIX CORPORATION.
### No. 5076.
Court of Record, Brevard County.
January 29, 1970.

Joe E. Mitchell, Jr., Titusville, for petitioner.

Robert Dyer, Orlando, for defendant.

JOE A. COWART, Jr., Judge.

This cause came before the court January 20, 1970 on the Bendix Corporation's motion for judgment on the pleadings. Counsel stipulated to all the necessary facts not otherwise admitted by the pleadings.

On December 22, 1969 Forrest Kimble sued Bendix, his employer, for wages held up because of a Missouri garnishment action against Bendix' Kansas City division. That garnishment stemmed from a valid judgment for child support and attorney fees obtained by the former Mrs. Kimble. Shortly after being served with the garnishment summons, Bendix gave actual notice to Mr. Kimble, who works for the launch support division of Bendix at Kennedy Space Center. Mr. Kimble did not appear in the Missouri action,

nor did he ask Bendix to raise any specific defenses. Bendix answered the garnishment summons on December 16, 1969, admitting the employment and amount it owed Kimble for wages. (Bendix did not claim for Kimble's benefit the Florida exemption for wages.) The Missouri court entered a garnishment order against Bendix on January 6, 1970.

Counsel for plaintiff contends that the wages are earned and owed here in Florida and that therefore the garnishment did not give the Missouri court jurisdiction over Bendix and those wages. This issue was settled by Harris v. Balk, 198 U.S. 215 (1905), where the court said — "We do not see the materiality of the expression 'situs of the debt,' when used in connection with attachment proceedings . . . The obligation of the debtor to pay his debt clings to and accompanies him wherever he goes." This point is frequently raised, but it is generally held that if the employee could sue his employer in the garnishment state, then the original judgment creditor can obtain garnishment jurisdiction over that employer, Baumgardner v. Southern Pac. Co., 177 S.W.2d 317, 319 (Tex. Civ. App. 1943).

Plaintiff stipulated to the validity of the Missouri judgment for child support. This satisfied Bendix' obligation to determine whether the court granting that judgment obtained jurisdiction over Mr. Kimble. In *Chiaro* v. *Lemberis,* 171 N.E.2d 81, 84 (Ill. App. 1960), the court said — "A garnishee defendant has the right and duty to show as a defense in the garnishment proceedings that the principal judgment upon which garnishment proceedings are based is void for want of the court's jurisdiction over the principal defendant."

The validity of the January 6th garnishment judgment is not affected by Bendix' failure to claim the wage exemption on behalf of Kimble. Pleading the exemption as a defense certainly is a sign of good faith on the part of the garnishee. However, as the court held in Baumgardner v. Southern Pac. Co., supra at 320, "Exemption laws are local in their nature and have no extraterritorial force or operation." It probably would be prudent for the garnishee to claim any available exemption, because the policy of the garnishing state may be the same as that where the principal defendant resides. In such a case the exemption might be allowed as a matter of comity. The problem does not become acute here because neither Missouri nor Florida allows the wage exemption where the garnishment proceedings are brought to enforce a decree for alimony or child support. §452.140 R.S.Mo.; §61.12 Fla. Stat. (1967). If there were any doubt, the policy of Missouri, where the mother and children reside, should be paramount.

Although there may be some cases to the contrary, it is generally held that payment of a proper garnishment obtained upon a valid judgment may be pleaded as a bar in an action by the principal defendant against the garnishee. Baumgardner v. Southern Pac. Co., supra; Baltimore & Ohio Southwest R.R. v. Adams, 66 N.E. 43 (Ind. 1903); Annot., 166 A.L.R. 272, 282, 308; 6 Am. Jur. 2d, *Attachment and Garnishment* §§395, 401-02. Nothing takes this case out of the general rule.

Upon consideration thereof, defendant's motion for judgment on the pleadings is granted. Final judgment will be entered accordingly.