## CIRCUIT COURT OF THE CITY OF NORFOLK

Security Pacific Finance Corp.

v.

Mervyn D. McBeain and
General Dynamics Corp.

June 20, 1984

Case No. (Law) L-84-118

By JUDGE JOHN W. WINSTON

On September 28, 1983, General Dynamics Corporation was served with a Garnishment Summons issued by the Norfolk (Virginia) General District Court, directing it to withhold from judgment debtor Mervyn D. McBeain any sums of money that he was or might be entitled to (during a stated period). Such withholding was subject to the following two limitations: (1) The maximum amount of $1,013.56, being the balance due; (2) If the sums of money being garnisheed were earnings of the judgment debtor, the maximum portion of disposable earnings subject to garnishment under Virginia statutory law.

General Dynamics Corporation contested this Garnishment Summons both in the Norfolk General District Court and on appeal in this court, arguing that Texas law applies here and that such law provides that "No current wages for personal service shall ever be subject to garnishment."

The uncontested facts are these. When he was still a resident of Newport News, Virginia, Mervyn D. McBeain borrowed a sum of money from Security Pacific Finance Corporation on July 23, 1980, and executed a promissory note to its order evidencing the debt. He thereafter defaulted in his payments, thus breaching his contract. Security Pacific obtained judgment against him in the Norfolk (Virginia) General District Court on June 16, 1983. Mr.

McBeain had by the date of judgment moved his residence from Virginia to Texas. In Texas from April 19, 1982, until January 27, 1984, he was employed as a wage earner by General Dynamics Corporation. He was still so employed and receiving current wages there when this Virginia garnishment was filed and served. General Dynamics Corporation is a corporation licensed to do business in Virginia and has in fact been doing business here at all times pertinent to this case.

The doctrine of comity does not require this court to disregard here the garnishment laws of Virginia and instead honor and apply contrary Texas laws. *Tate v. Hain*, 181 Va. 402 (1943), is not applicable, since the contract (loan and promissory note) was made in Virginia, the default occurred here, and the judgment was entered here. Nor is Texas law applicable here to the question of what current wages are exempt from execution. See *Baumgardner v. Southern Pacific Co.*, 177 S.W.2d 317 (Tex. Civ. App. 1943), as well as general discussion found in 100 A.L.R.3d 1235 et seq. and entitled *Choice of Law As to Exemption of Property From Execution.*

There is the further fact that garnishee General Dynamics Corporation is domesticated in Virginia and does business here. By so doing it has subjected itself to all the laws of Virginia including the garnishment statutes. It cannot therefore suggest that Texas law controls its corporate activities in the garnishment area.

And finally there is the fact that the parties to the loan and note agreed in the note that "The construction, validity and effect hereof shall be governed by the laws of Virginia" and no place else.

[Counsel may] present [an] order overruling General Dynamics Corporation's Motion for Summary Judgment and directing instead that the current wages of the judgment debtor now on deposit with this court be paid over to plaintiff.